Oscar **FELIX–CORONA,** Petitioner,

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

No. 06–71548.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2008.

Filed June 12, 2008.

Nora E. Milner, Milner & Markee, LLP, San Diego, CA, for Petitioner.

District Director, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Saul E. Greenstein, Greg D. Mack, Oil, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: WARDLAW and IKUTA, Circuit Judges, and FOGEL *, District Judge.

### MEMORANDUM **

Oscar Felix–Corona, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA"), affirming the order of an Immigration Judge ("IJ") denying his application for suspension of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant in part and dismiss in part the petition for review, and remand for further proceedings.

The BIA erred in affirming the IJ's decision to apply the stop-time rule. 8 U.S.C. § 1229b(d)(1). Felix–Corona's suspension of deportation hearing and the IJ's denial occurred in 1985; Felix–Corona timely appealed the denial, but the BIA administratively closed the proceedings without ruling on the merits. The Immigration and Naturalization Service ("INS") did not petition to reopen the appeal until 1999, two years after the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). *See Otarola v. INS*, 270 F.3d 1272, 1276–77 (9th Cir.2001) (holding that IIRIRA's stop-time rule does not apply to an alien who had his merits hearing on his application for suspension of deportation before an IJ prior to IIRIRA's effective date, even though the BIA reviewed his case after IIRIRA went into effect); *Alcaraz v. INS*, 384 F.3d 1150, 1153 n. 1 (9th Cir.2004). Although the dissent suggests that this holding is inconsistent with *Otarola*, the dissent is wrong, perhaps because it relies on a distortion of dicta in the opinion. What *Otarola*, and the extensive discussion of our case law it contains, stands for is that "the general rule that the BIA should apply then-current law is not absolute, particularly when it comes to review of non-discretionary, procedural issues," 270 F.3d at 1275, such as the one before us. The dissent merely regurgitates the unavailing arguments set forth in the dissent in *Otarola*. Of course, we are bound by the majority opinion.

Felix–Corona's application for legalization was denied in 1993, four years prior to IIRIRA's effective date in 1997. Rather than moving to reopen proceedings prior to IIRIRA's effective date, the INS did not move to reopen until 1999, after the stop-time rule went into effect. Although we find no bad faith on the part of the BIA or INS, the BIA and INS bear the responsibility for the delay of Felix–Corona's application for suspension of deportation, thus bringing this case within the ambit of *Otarola*.

Moreover, the BIA has never addressed the merits of Felix–Corona's 1985 appeal, in which he argued that his one-month departure from the United States in 1981 did not interrupt his continuous physical presence because it was "brief, casual, and innocent." 8 U.S.C. § 1254(b)(2) (repealed 1996). Like the petitioner in *Otarola*, Felix–Corona may have been prima facie eligible for suspension of deportation. *See Sinotes–Cruz v. Gonzales*, 468 F.3d 1190, 1199 (9th Cir.2006) (noting that a greater than three-month visit to Mexico to visit elderly parents "would almost certainly have been considered 'brief, casual, and innocent'" under pre-IIRIRA law).

Accordingly, because the stop-time rule does not apply to Felix–Corona's application for suspension of deportation, we re-

---

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mand for a determination as to whether he is eligible for suspension of deportation under pre-IIRIRA law. *See* 8 U.S.C. § 1254(a)(1) (repealed 1996).

We lack jurisdiction over Felix–Corona's contention that the BIA, the United States Citizenship and Immigration Services, and the Executive Office for Immigration Review failed to follow policy directives and repaper his case. Whether to allow repapering is a discretionary determination. *See* 8 U.S.C. § 1252(g) ("No court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings....."); *Alcaraz*, 384 F.3d at 1160–61 ("[T]he second step in the repapering process involves a decision to commence (or 'reinitiate') proceedings...."); IIRIRA § 309(c)(3) ("[T]he Attorney General *may* elect" to terminate deportation proceedings and reinitiate removal proceedings under IIRIRA, otherwise known as "repapering" (emphasis added).).

Each party shall bear its own costs.

**PETITION FOR REVIEW GRANTED in part and DISMISSED in part; REMANDED.**

IKUTA, Circuit Judge, dissenting in part:

The majority construes *Otarola v. INS*, 270 F.3d 1272 (9th Cir.2001), to stand for the proposition that "IIRIRA's stop-time rule does not apply to an alien who had his merits hearing on his application for suspension of deportation before an IJ prior to IIRIRA's effective date, even though the BIA reviewed his case after IIRIRA went into effect." Maj. op. at 567; *see also Alcaraz v. INS*, 384 F.3d 1150, 1153 n. 1 (9th Cir.2004). Such an interpretation is inconsistent with *Otarola* itself, in which we stated that "[i]n general, the BIA is bound to apply current law," and "that the BIA [is] required to apply the law existing at the time of its review, even if different from the law applied by the IJ." 270 F.3d at 1275 (internal quotation marks omitted) (second alteration in original).

"IIRIRA section 309(c)(5)(A) generally applies the stop-time rule to transitional rule aliens," like Felix–Corona, "whose deportations were initiated with the service of an [Order to Show Cause] and who seek suspension of deportation." *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). *Otarola* created an "exception to the general rule" for the situation in that case, where "the INS delay[ed] proceedings by filing and maintaining meritless appeals in the face of clear statutory language and circuit precedent to the contrary in order to take advantage of a change in the immigration laws that becomes available solely by virtue of the time delay resulting from the meritless appeal." *See* 270 F.3d at 1275–76. Because no such situation is present in this case, I dissent from the majority's conclusion that this case is "within the ambit of *Otarola*." Maj. op. at 567.

Accordingly, I would affirm the BIA's decision in accordance with *Ram*, 243 F.3d at 516.